STATE BOARD OF AGRICULTURE — MEAT INSPECTION Rule 607.6 of the State Board of Agriculture is not discriminatory in its application of 2 O.S. 2-9 [2-2-9] (1971), and does not violate the equal protection provision of the Fourteenth Amendment and therefore is constitutional. The State Board of Agriculture was acting within the scope of its authority in promulgating Rule 607.6. The rule is uniform in nature and is neither arbitrary, discriminatory, unreasonable nor capricious in nature, but rather is in compliance with and a proper exercise of the police power granted by the Legislature to the State Board of Agriculture to control meat inspections in order to promote the health and welfare of the citizenry. The Attorney General is in receipt of your letter in which you, in effect, ask the following question: Is Rule 607.6 of the State Board of Agriculture, which establishes fees for overtime work for program inspectors, discriminatory in its application of Title 2 O.S. 2-9 [2-2-9] so that the equal protection provisions of the Fourteenth Amendment are violated rendering the rule unconstitutional? The State Board of Agriculture is a State agency created by ArticleVI, Section 6 of the Oklahoma Constitution. Title 2 O.S. 2-9 [2-2-9] (1971) provides as follows: "The State Board of Agriculture may, whenever it deems such action proper, enter into cooperative contracts and agreements with the United States Department of Agriculture, or any other federal or state agency, person or firm, upon such terms and conditions as may be mutually agreed upon, providing for the grading, sampling, or inspection of processed or unprocessed foods, livestock, poultry, seeds, foods, vegetables, or other agricultural commodities and products. The Board shall promulgate a schedule of fees to be charged and collected under the provisions of this section from the person or agency from whom such grading, sampling, or inspection service is rendered; provided that the schedule of fees adopted shall be filed in the office of the Secretary of State and be opened to the public, and any subsequent change in such fees shall not be operative until such change has been filed in the office of the Secretary of State." (Emphasis added) A reading of the above-quoted statute clearly indicates that the Legislature has granted the Board the authority to promulgate a schedule of fees to be charged and collected from the persons or agencies for whom an inspection service is rendered. Pursuant to this enabling legislation and grant of authority, the Board promulgated Rule 607.6 which provides as follows: "(a) The management of an official establishment desiring to work under conditions which will require the services of a meat inspector on any Saturday, Sunday or for more than 8 hours on any other day, shall, sufficiently in advance of the period of overtime, request the inspector in charge or his assistant to furnish inspection service during such overtime period, and shall pay the Board therefor $5.00 per hour per Division Inspector to reimburse the Board for the cost of the inspection services so furnished. "(b) When an official establishment requires inspection service on a holiday, such service is considered holiday work. The official establishment shall, in advance of such holiday work, request the inspector in charge to furnish inspection service during such period and shall pay the Board therefor at the rate of $5.00 per hour. Service in excess of 8 hours for that day is considered overtime and shall be paid for at the overtime rate. Holidays for State Employees will be those declared by the Executive Department of the State of Oklahoma." In formulating an opinion as to the constitutionality of Rule 607.6 of initial import is the fact that the rule, on its face, applies equally and uniformly to all establishments desiring the services of a meat inspector on Saturdays, Sundays, or holidays. The rule neither sets up a separate class of establishments that must operate only on Saturdays, Sundays, or holidays, nor is the rule limited to any specific category or class of establishments, but refers only to establishments that desire to work on Saturday, Sunday or holidays. State and federal courts, in assessing the constitutionality of administrative rules and regulations, have used two general criterion on which to base their decisions. In order to be valid and constitutional, rules and regulations that have been promulgated by administrative agencies must have been promulgated pursuant to the scope of authority granted to the agency by the Legislature. In Application of State Board of Medical Examiners, In Re Nathan, 206 P.2d 211,201 Okl. 365, the Oklahoma Supreme Court stated: "The only authorized basis for any rule is that it is a means to the accomplishment of the legislative purpose as expressed in the statute and its quality is to be judged by the effect thereof when used. If conducive to such purpose it is authorized by the statute." In the instant situation, 2 O.S. 2-9 [2-2-9] (1971) establishes the intent of the Legislature that the Board promulgate rules regarding fees for meat inspection; therefore the Board was acting within the scope of its authority in promulgating Rule 607.6. As a second criterion for determining the constitutionality of an administrative rule, the Courts have said that in order to be valid the rule must be uniform in operation (Briggs v. State, 56 Supp. E.2d 802), must not be unfair (Inland Steel Company) v. N.L.R.B., 109 F.2d 9), must not be discriminatory or arbitrary (Railroad Commissioner v. Shell Oil Company, 206 S.W.2d 420, 146 Tex. 286 and Krill v. Arma Corporation, 76 F. Supp. 14), must not be an expression of a whim (American Telegraph and Telephone Co. v. United States, 57 S.Ct. 170, 299 U.S. 232,81 L.Ed. 142; and Nelson v. Dean, 168 P.2d 16, 27 Cal.2d 873), and must be reasonable and apply to the purpose for which the statute was enacted (Manhattan General Equipment Co. v. CIR, 56 S.Ct. 397, 297 U.S. 129, 80 L.Ed. 528 and Ex parte Woodruff, 210 P.2d 191). In the instant situation Rule 607.6 is uniform in nature since it applies to all establishments and does not create separate classes or categories with special privileges. The Rule is not unfair on its face since it does not compel any establishment to operate on a Saturday, Sunday or holiday, but only affects those who desire to operate on other than generally recognized and accepted working days. The rule is neither discriminatory, nor arbitrary since it applies automatically, without any exercise of discretion, to all who desire to conduct their business operations on Saturdays, Sundays and holidays. The rule requires an extra fee for extra or overtime work, and extra or overtime pay has been generally recognized as justified for extra or overtime work. The United States Department of Agriculture has promulgated rules similar to the one herein discussed requiring additional fees for meat inspections that are requested to be conducted on Saturdays, Sundays, or holidays. In Combs v. U.S.,98 F. Supp. 749, the United States Federal Court determined issues which are closely in point to the question herein raised. In that case the plaintiff contended that a rule of the Department of Agriculture which based fees for meat inspections on an hourly basis rather than on a poundage basis was unconstitutional in that it discriminated against the small businessman. In discussing the relevant issues the Court stated: "The Congress, in its wisdom, might well require its meat inspection service to be paid for by those using the service. ". . . While this Court might feel that these rules and regulations did, in fact, favor the big packer as against the small operator . . . "Yet as this Court cannot find that the action of the Acting Secretary of Agriculture in establishing these rules and regulations was arbitrary or constituted a flagrant abuse of discretion, it would have no authority to find in the plaintiff's favor. "If the action of the Acting Secretary of Agriculture was truly a judicious regulation of an occupation for the benefit of the public, the Courts will uphold it within the compass of the police power." It is, therefore, the opinion of the Attorney General that your question be answered in the negative. Rule 607.6 of the State Board of Agriculture is not discriminatory in its application of 2 O.S. 2-9 [2-2-9] (1971), and does not violate the equal protection provision of the Fourteenth Amendment and therefore is constitutional. The State Board of Agriculture was acting within the scope of its authority in promulgating Rule 607.6. The rule is uniform in nature and is neither arbitrary, discriminatory, unreasonable nor capricious in nature, but rather is in compliance with and a proper exercise of the police power granted by the Legislature to the State Board of Agriculture to control meat inspections in order to promote the health and welfare of the citizenry. (Marvin C. Emerson)